**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER LEE WARD**,

                          **Petitioner,**

    v.                                                **9:21-CV-293**
                                                                **(TJM/ATB)**
**WARDEN, FCI Ray Brook,**

                          **Respondent.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION and ORDER**

**I.**      **INTRODUCTION**

This *pro se* petition for a writ of habeas corpus was referred to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a report and recommendation. As Judge Baxter indicates, Petitioner Christopher Ward seeks a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1) ("Pet.") Petitioner challenges the sentence imposed in the Western District of Oklahoma as the result of his 2003 conviction for manufacturing methamphetamine, in violation of 18 U.S.C. § 841(b)(1)(C). (Pet. at 2-3); *see also United States v. Ward*, 182 Fed. App'x 779 (10th Cir. 2006), *cert. denied*, 549 U.S. 968 (2006).

> After his direct appeal, petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 in the Western District of Oklahoma. *See United States v. Ward*, No. 5:03-CR-92 (W.D. Okl.) (Dkt. No. 227, § 2255 - Motion to Vacate). On November 6, 2007, the Honorable David L. Russell, United States District Court Judge Western District of Oklahoma denied petitioner's motion to vacate. (Dkt. No. 235, Order Denying Motion to Vacate).

1

> In the instant application, petitioner argues that he was improperly sentenced in excess of the twenty year statutory maximum and his sentencing guidelines range due to "the erroneous application of the then-mandatory career offender enhancement under U.S.S.G. § 4B1.1." (Pet. at 3). Petitioner argues that he is actually innocent of the sentencing enhancements, given subsequent case law, holding that prior state court convictions "that sweep more broadly than [section] 851 and [section 4B1.1] cannot serve as predicates on which a Federal sentence may be enhanced." (*Id*) (citing *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018); *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008); *McCoy v. United States*, 707 F.3d 184 (2d Cir. 2012)).

Report-Recommendation, Dkt. No. 13, at 1-2.

Respondent opposes issuance of the petition, arguing that the petition must be brought, if at all, as a motion to vacate in the sentencing court, pursuant to 28 U.S.C. § 2255 or in the Tenth Circuit Court of Appeals as a second or successive petition under section 2255. (Resp.'s Br.) (Dkt. No. 6). After a thorough analysis of the applicable case law and procedural history of petitioner's case, Judge Baxter agrees with the respondent and recommends that the petition be dismissed for lack of jurisdiction. *See* Report-Recommendation, at 2-20

No objections to the Report-Recommendation have been filed, and the time to do so has expired.

## II.  DISCUSSION

After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice.

## III.  CONCLUSION

Accordingly, the Court **ACCEPTS and ADOPTS** the recommendations in the Report-Recommendation (Dkt. No. 13) for the reasons stated therein.  Thus, it is hereby

2

**ORDERED** that the petition is **DISMISSED** for lack of jurisdiction.

The Clerk of the Court may close the file in this case.

**IT IS SO ORDERED.**

Dated: January 25, 2023

Thomas J. McAvoy
Senior, U.S. District Judge